UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TERRY SORAH,**

              **Petitioner,**         **CIVIL ACTION NO. 04-CV-72422-DT**

    **vs.**

                       **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**DEBORAH SERVITTO,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
             **Respondents.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Petitioner's Motion for Certificate of Appealability filed on December 1, 2006 (docket no. 41) be DENIED.

    This Court further recommends that Petitioner's Motion for Order Extending Time to File Notice of Appeal filed on December 1, 2006 (docket no. 42) be DENIED as moot.

**II.**    **REPORT:**

    *A.*    *Procedural History*

    A jury convicted Petitioner of burning real property and burning insured property, his family-operated auto paint and body shop.  The trial court sentenced him on March 17, 2000 to five years of probation and ordered him to pay restitution in the amount of $222,961.84.  On November 26, 2002 the Michigan Court of Appeals affirmed Petitioner's convictions but remanded the issue of restitution. The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 30, 2003.

    Petitioner then sought habeas relief in this Court.  This Court issued a Report and Recommendation recommending that Petitioner's petition for writ of habeas corpus be denied.  (Docket

-1-

no. 32).  The district court adopted that Recommendation over Petitioner's objections.  (Docket no. 39).

The district court entered judgment on November 1, 2006.  (Docket no. 40).

On December 1, 2006 Petitioner filed these motions for a certificate of appealability and for an

extension of time to file a notice of appeal.  (Docket nos. 41, 42).  Petitioner also on that day filed a

Notice of Appeal of the district court's judgment.  (Docket no. 43).  Petitioner's appeal is now pending

in the Sixth Circuit Court of Appeals under Docket no. 06-2554.  The Sixth Circuit's docket sheet shows

that the case is docketed with "certificate of appealability pending in District Court."  (*Sorah v. Servitto*,

No. 06-2554 (6th Cir.) (docket sheet)).

The district court referred these two motions to the undersigned on January 31, 2007.  (Docket

no. 45).  Although Respondents have not filed any responses to these motions, the time for filing

responses has now expired.  The motions are therefore ready for ruling under 28 U.S.C. § 636(b)(1)(B).[1]

B.      *Motion for Extension of Time to File Notice of Appeal*

Petitioner filed this motion for an extension of time under Fed. R. App. P. 4(a).  (Docket no.

42).  Petitioner argues that cause exists to grant the extension of time until after the Court has

determined whether it will grant a certificate of appealability because he can only appeal if he is granted

a certificate of appealability.  However, the docket sheets of this Court and the Sixth Circuit show that

Petitioner has already filed an appeal within the thirty day deadline of Fed. R. App. P. 4(a)(1).  Judgment

---

[1] Although the Order of Reference referred the matters for determination, the determination
of whether a certificate of appealability should issue is committed to the "district judge who rendered
the judgment."  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); *Jones v. Johnson*, 134 F.3d 309, 312 (5th
Cir. 1998).  Also, it appears that Sixth Circuit precedent, although not addressing the exact issue, would
require the motion for an extension of time to file a notice of appeal to be determined by the district
judge because it is not a pretrial matter subject to referral under 28 U.S.C. § 636(b)(1)(A).  *See **Massey
v. City of Ferndale**, 7 F.3d 506, 509-10 (6th Cir. 1993)  (motion for Rule 11 sanctions made after
judgment entered not a pre-trial matter subject to referral under section 636(b)(1)(A)).  Accordingly, the
Court issues this Recommendation.

in this case was entered on November 1, 2006. Petitioner filed his notice of appeal on December 1, 2006. The appeal is now docketed in the court of appeals awaiting the district court's decision on the certificate of appealability. Therefore, Petitioner's motion for an extension of time to file his notice of appeal is moot and should be denied on that basis.

       C.      *Motion for Certificate of Appealability*

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating . . . that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Petitioner seeks a certificate of appealability on all of the claims raised in his habeas petition. His first claim is that he was denied his right to the effective assistance of counsel. He faults counsel for stipulating to the expert qualification of Detective Stayer, the fire investigator. Petitioner also contends that counsel performed unreasonably by failing to effectively cross-examine Detective Stayer and Inspector Glancy. He alleges that counsel unreasonably failed to interview or call lay witnesses including himself, failed to require an adequate foundation for certain evidence, failed to point out the insurance proceeds that Petitioner might receive, and failed to object to inaccurate information that the court relied on at sentencing. After considering these issues, the Court concludes that Petitioner has

-3-

failed to make a substantial showing of the denial of a constitutional right as to these claims. *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner also claims that his right to be free from double jeopardy was violated by his conviction of both of these offenses. However, after considering this issue the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to this claim. *See Ohio v. Johnson*, 467 U.S. 493 (1984); *see also Estelle v. McGuire*, 502 U.S. 62 (1991).

Petitioner next argues that insufficient evidence supports his convictions. After considering the evidence presented at Petitioner's trial and the state court's rulings, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right on this claim. *See Jackson v. Virginia*, 443 U.S. 307 (1979).

Petitioner next contends that his due process rights and other constitutional rights were violated by holdings of the Michigan Court of Appeals and the trial court on his request for a new trial. This claim also does not merit the relief requested because there is no substantial showing of the denial of a constitutional right. *See Lewis v. Jeffers*, 497 U.S. 764 (1990).

Finally, Petitioner argues that several of his constitutional rights were violated when the Michigan Court of Appeals held that his restitution issue was waived and when he was sentenced on inaccurate information. Based upon the state court record, the Court cannot find that Petitioner has made a substantial showing of the denial of a constitutional right based on the waiver finding. In addition, the alleged inaccurate information at sentencing fails to rise to such a level that would support a finding that Petitioner has made a substantial showing of the denial of a constitutional right.

Petitioner has failed to make the required showings on the issues briefed in his Motion. In addition, the Court finds that he has failed to make the showing as to any other claim he raised in his habeas petition. Petitioner's Motion for a Certificate of Appealability should therefore be denied.

### III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 07, 2007                              s/ Mona K. Majzoub
                                                            MONA K. MAJZOUB
                                                            UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 07, 2007                              s/ Lisa C. Bartlett
                                                            Courtroom Deputy